# UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| EDRIE A. PFEIFFER, ESQUIRE. ) | Miscellaneous Proceeding 16-00703-SCS |
| ) | |
| ) | |

## ORDER DENYING RENEWED MOTION TO CONTINUE FINAL HEARING

This matter comes before the Court upon the Renewed Motion to Continue the Final Hearing in This Matter Pending the Resolution of Two Cases Pending in the Western District and accompanying Memorandum in Support (collectively, the "Renewed Motion to Continue"), filed on May 30, 2017, by Bernard J. DiMuro, counsel for Edrie A. Pfeiffer, Esquire.[1] In the Renewed Motion to Continue, Ms. Pfeiffer requests, for the second time in this proceeding, to continue the Final Hearing, scheduled for June 27, 2017, on the Order to Show Cause issued by the Court September 27, 2016.

To give context to the instant motion, a brief recitation of the procedural history in this matter is necessary. On December 1, 2016, this Court conducted a Preliminary Hearing on the Court's Order to Show Cause for the purpose of scheduling a Final Hearing. Mr. DiMuro attended the Preliminary Hearing telephonically, and Ms. Pfeiffer attended in person. When the Court asked Mr. DiMuro how long he needed to prepare for the Final Hearing, Mr. DiMuro inquired if the Court would consider delaying the Final Hearing on the Order to Show Cause until two adversary proceedings, pending in the United States Bankruptcy Court for the Western District of Virginia

---

[1] Mr. DiMuro re-filed the Renewed Motion to Continue on June 1, 2017, after being advised by the Clerk's Office that the original pleading was docketed using an incorrect event code. The June 1, 2017 filing corrected this error, and, with the exception of the date on the Certificate of Service, appears identical to the May 30, 2017 filing.

(hereinafter, "Pending Adversary Proceedings"), were concluded.[2] The Court requested that Mr. DiMuro file a written motion within fourteen (14) days setting forth the continuance request.

On December 14, 2016, Ms. Pfeiffer, by counsel, timely filed a Motion to Continue the Final Hearing in This Matter Pending the Resolution of Two Cases Pending in the Western District and a Memorandum in Support (collectively, the "First Motion to Continue"). Ms. Pfeiffer sought a continuance of the Final Hearing to allow her to use evidence to be presented in the Pending Adversary Proceedings (which had been scheduled for trial for September 25, 2017) to formulate her defenses to the Order to Show Cause. First Motion to Continue, at 8-9. Ms. Pfeiffer asserted such evidence would relate to the review and evaluation of the propriety of referring debtors to use the services of a company known as Sperro, LLC, and that such evidence would be relevant to defenses she would raise. *Id.* at 5, 8. According to the motion, discovery in the Pending Adversary Proceedings had already begun in December 2016. *Id.* at 7-8 (citing, and attaching as exhibits to the motion, the following documents filed in the Pending Adversary Proceedings: Report of Discovery Plan and Proposed Scheduling Order, filed September 30, 2016; Certificate of Service for United States Trustee's First Requests for Production and First Interrogatories, filed October 11, 2016; Certificate of Service for Defendant's Requests for Production and Interrogatories, filed October 18, 2016; Certificate of Service for United States Trustee's Responses to Defendants' Requests for Production and Interrogatories, filed December 9, 2016; Defendant's Response to United States

---

[2] The Pending Adversary Proceedings filed in the United States Bankruptcy Court for the Western District of Virginia are: *Judy A. Robbins v. Darren Delafield, Upright Law LLC, Law Solutions Chicago LLC, Jason Royce Allen, Kevin W. Chern, Edmund Scanlan, and Sperro LLC* (*In re Williams*), Adv. Proc. No. 16-07024, filed May 31, 2016; and *Judy A. Robbins v. John C. Morgan, Jr., John C. Morgan, PLLC, Upright Law LLC, Law Solutions Chicago LLC, Jason Royce Allen, Kevin W. Chern, Edmund Scanlan, and Sperro LLC* (*In re Scott*), Adv. Proc. No. 16-05014, filed June 30, 2016.

Trustee's First Requests for Production and First Interrogatories, filed October 11, 2016; and Certificate of Service for Defendant's Requests for Production of Documents, filed December 14, 2016). Further, Ms. Pfeiffer represented that "[f]or her to independently develop that evidence (even if she could) would be prohibitively expensive and wasteful of time and resources that will be spent" by the defendants in the Pending Adversary Proceedings. *Id.* at 9.

By order entered January 11, 2017, the Court granted the First Motion to Continue in part ("January 11, 2017 Order"), finding that the motion did not provide sufficient justification to schedule the Final Hearing on the Order to Show Cause beyond the time within which the Court would normally schedule such hearing or trial. January 11, 2017 Order, at 1. The Court further found that a full and complete resolution of the Pending Adversary Proceedings may not necessarily be rendered at the conclusion of the trial, and, therefore, delaying the matter pending in this Court to September 2017 or beyond was not justified under the circumstances present in this case. *Id.* at 1-2. Thereafter, following inquiry to Mr. DiMuro regarding his and his client's available dates, the Court entered the Order Scheduling Final Hearing and Establishing Deadlines on January 18, 2017. The Final Hearing was scheduled for June 27, 2017, over six (6) months from the date the Preliminary Hearing on the Court's Order to Show Cause was held, and nine (9) months after the Court issued the Order to Show Cause.

On May 30, 2017, the last day for filing motions prior to the Final Hearing pursuant to the Court's January 18, 2017 Order, Ms. Pfeiffer, by counsel, filed her Renewed Motion to Continue and the above-referenced memorandum in support. The Renewed Motion to Continue contains little new content. The motion does inform this Court that its sister court for the Western District of Virginia entered a revised scheduling order, wherein certain deadlines for expert disclosures and

3

reports in the Pending Adversary Proceedings were adjusted. Renewed Motion to Continue, at 5 & n.12. The motion further sets forth that certain depositions in the Pending Adversary Proceedings are being scheduled. *Id.* at 5. The lone new basis in support of a continuance is contained in footnote 1:

> The additional reason we can offer the Court is that the pretrial dates in the Western District Cases are still set so that a trial on the merits can be heard on September 25, 2017. (See Exhibit A, the Revised Scheduling Order in the Western District Case entered on May 4, 2017). That the Western District Cases would in fact go to trial in late September 2017 *may have been more speculative* in December 2016 when Ms. Pfeiffer's original motion to continue was filed.

*Id.* at 1 n.1 (emphasis added).

A review and comparison of the revised scheduling order (attached to the Renewed Motion to Continue as Exhibit A) and the original scheduling order (attached to the First Motion to Continue as Exhibit 9) reveals that the trial date has not changed since it was established in October 2016, and the deadline for completion of discovery remains sixty (60) before trial. The revised deadlines relate to pretrial disclosures, specifically, expert witness-related discovery, with certain of those dates being adjusted forward. The fact that certain pretrial deadlines have been modified in the Pending Adversary Proceedings provides no basis for this Court to reconsider its prior denial of the First Motion to Continue. Ms. Pfeiffer argues that the September 25, 2017 trial date for the Pending Adversary Proceedings was somehow "speculative," as phrased in the instant motion, at the time the First Motion to Continue was considered by this Court. The insinuation that, now, by entry of a revised scheduling order, the trial date for the Pending Adversary Proceedings is somehow more permanently etched in the Court's schedule is borne out by neither the previous or current version of the scheduling order nor by any of the documents related to the Pending Adversary Proceedings

attached to the current or prior continuance motion.

Ms. Pfeiffer has once again failed to illustrate why this Court should delay the Final Hearing in this matter to an unspecified future date so as to allow her to utilize the evidence and defenses employed in the Pending Adversary Proceedings, other than a broad reference to limitations on time and financial resources in light of the small size of her law office. Moreover, such contention is inconsistent with the request that the instant matter be continued until after the resolution of the unrelated cases.[3] As this Court previously stated, the Pending Adversary Proceedings may not necessarily be decided at the conclusion of the trial there. As is the case with many complex matters before this and other courts, a decision may not be forthcoming for a matter of months. Indeed, Ms. Pfeiffer recognizes the potential lengthy time delay in the proposed order attached to her Renewed Motion to Continue, wherein she includes a provision requiring her to file a report regarding the status of the Pending Adversary Proceedings at sixty-day intervals, beginning sixty (60) days from entry of an order granting the instant motion. Ms. Pfeiffer has failed to show sufficient cause for

---

[3] According to Ms. Pfeiffer, the defendants in the Pending Adversary Proceedings will be utilizing defenses raised in other, pending federal litigation in the Middle District of Tennessee: "A summary of the defenses to be raised by the Upright Defendants in the Western District Cases can be found in the discovery responses filed by Upright Law in an adversary proceeding pending in Tennessee brought by Ally Financial, Inc. against the Upright Defendants which also attacks the bona fides of the Sperro Program." Renewed Motion to Continue, at 4. Ms. Pfeiffer's First Motion to Continue, filed December 14, 2016, contained a similar statement and further stated that discovery was already underway in the Tennessee case. First Motion to Continue, at 5-7. The extent to which that discovery was underway was demonstrated in that motion by two extensive quotations from the one of the Tennessee defendant's responses to interrogatories and requests for production of documents. *Id.* (quoting Defendant Upright Law, LLC's Responses to Plaintiff's First Set of Interrogatories and Document Production Requests, dated November 21, 2016, in *Ally Financial, Inc. v. Patrick Michael Donahue, Gwen Hewitt, Law Solutions Chicago, LLC d/b/a Upright Law, LLC, Sperro, LLC d/b/a Sperro Towing and Recovery, and Brian Fenner*, Adv. Proc. No. 3:16-90048, filed in the United States Bankruptcy Court for the Middle District of Tennessee). These lengthy quotations do not appear in the Renewed Motion to Continue.

delaying this matter to an unknown date, but, in any event, beyond one year (and in all likelihood, more than one year) from the date this Court issued the Order to Show Cause.

Furthermore, there are no common parties between the Pending Adversary Proceedings and the instant Order to Show Cause. The Court is aware, from other cases pending before it, that Ms. Pfeiffer has some affiliation with one of the defendants in the Pending Adversary Proceedings, Upright Law, but neither that firm nor any of the other defendants in the Pending Adversary Proceedings are parties to this Court's Order to Show Cause. Commonality exists only to the extent both matters reference the practices of Sperro, LLC, as set forth in an email that Ms. Pfeiffer apparently received months before the events that gave rise to the Order to Show Cause and which email is apparently also referenced in the Pending Adversary Proceedings.[4] A review of the petition, schedules, and statements filed in the underlying bankruptcy case leading to the issuance of the Order to Show Cause confirms that none of the defendants in the Pending Adversary Proceedings were referenced in any way in those bankruptcy papers or served as counsel of record.[5] Further, Ms. Pfeiffer has made no mention of consulting with any of the defendants in the Pending Adversary Proceedings regarding the actions she counseled her client to take, either in the prior proceedings

---

[4] The cited email communication, allegedly from one of the defendants in the Pending Adversary Proceedings, Kevin Chern, noted as "Managing Partner" of "UpRight Law/Allen Chern Law," sent to "Valued Partners" on June 18, 2015, at 1:45 PM, to the email address partnerslist@uprightlaw.com, with the subject "New Car Custody Program at UpRight Law – Read Carefully" was proffered as an exhibit to the First Motion to Continue, as purportedly the same email referenced by the complaints in the Pending Adversary Proceedings. *See* First Motion to Continue, at 4, Exhibit 5. This email appears to be the same email attached as an exhibit to the United States Trustee's Motion to Examine Debtor's Transactions with his Attorney and for Disgorgement of Paid Fees Pursuant to 11 U.S.C. § 329, filed in the bankruptcy case of Brett Bud Hall, Case No. 16-70486-SCS, the case in which the events giving rise to the instant proceedings occurred.

[5] *In re Brett Bud Hall*, Case No. 16-70486-SCS, filed February 17, 2016.

6

(outlined in the Order to Show Cause), or in the instant motion. These matters are further distinguished by their markedly different procedural posture, with the instant matter being initiated by the Order to Show Cause issued by this Court, and the Pending Adversary Proceedings having been commenced by complaints filed by the United States Trustee. Accordingly, Ms. Pfeiffer and her counsel have failed to provide sufficient clarity regarding how, given the lack of involvement of any of the defendants in the Pending Adversary Proceedings in the instant matter, any of the discovery materials or evidence in the Pending Adversary Proceedings is relevant to the instant matter.

Courts in the Fourth Circuit have routinely held that continuance requests must be detailed and substantiated, even in instances where the moving litigant is unrepresented by counsel.

> Continuances are generally granted at the discretion of the court. [The pro se debtor-plaintiff]'s motion simply requested a continuance in order "to allow plaintiff the opportunity to obtain additional information and documents needed for trial." Pl.'s Mot. for Continuance of Trial, ECF No. 1. She did not provide any further information as to what information and documents she was seeking, and more importantly she did not provide any reason as to why she had been unable to procure that information and documents in the year and three months that had passed since her initial filing. Given that she provided no such reasons, the bankruptcy court did not abuse its discretion in denying [the pro se debtor-plaintiff]'s Motion for Continuance of Trial.

*Greene v. U.S. Dep't of Educ.*, Civ. No. 4:13-cv-79, 2013 WL 5503086, at *9 (E.D. Va. Oct. 2, 2013), *aff'd*, 573 F. App'x 300 (4th Cir. 2014). *See also Havee v. Belk*, 775 F.2d 1209, 1223 (4th Cir. 1985) (concluding that the United States District Court for the Western District of North Carolina did not abuse its discretion in denying a motion to continue a trial to allow an expert witness time to provide a valuation, where the plaintiffs had in excess of one year to prepare for trial and "if the trial had been delayed to accommodate the plaintiffs' expert . . . , the trial would have

been continued indefinitely"); *Evans v. Jabe*, Civ. No. 3:11-cv-104, 2014 WL 202023, at *2 (E.D. Va. Jan. 17, 2014) (finding appellant's "generalized request for a continuance fail[ed] to adequately support his motion"); *Comscore, Inc. v. Moat, Inc.*, Civ. No. 2:12-cv-351, 2013 WL 12147701, at *2 (E.D. Va. Sept. 25, 2013) (finding that "Defendant has not stated sufficient grounds to warrant a trial continuance" by alleging "intentional litigation misconduct" by the opposing party).

For the reasons stated herein, the Court finds that the Renewed Motion to Continue should be denied and the Final Hearing should go forward as scheduled on June 27, 2017. The Court scheduled the Final Hearing for a date at the outer limits for scheduling trials and evidentiary hearings in this Court and throughout the Eastern District of Virginia. The instant motion fails to persuade the Court that it should afford an unknown, protracted continuance when such request lacks adequate support as required by binding precedent.

Accordingly, the Court ORDERS that the Renewed Motion to Continue the Final Hearing in This Matter Pending the Resolution of Two Cases Pending in the Western District is DENIED.

The Clerk shall mail a copy of this Order to Edrie A. Pfeiffer, Esquire; and Bernard J. DiMuro, counsel for Edrie A. Pfeiffer, Esquire.

/s/ Stephen C. St. John   6/6/17
STEPHEN C. ST. JOHN
Chief United States Bankruptcy Judge

Entered on Docket: June 6, 2017